**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL BRENES, | No.    16-72295 |
| Petitioner, | Agency No. A072-115-792 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Samuel Brenes, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that the harm Brenes suffered did not rise to the level of persecution. *See Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007) (persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)).

Substantial evidence supports the agency's determination that Brenes failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("imputed wealthy Americans" lacks particularity). Thus, Brenes's asylum and withholding of removal claims fail.

To the extent Brenes raises a new particular social group for the first time in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft,* 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the agency's denial of CAT relief because

2

Brenes failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder,* 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**